IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAXINE VERDREE,

   Plaintiff,

    v.

NTW, LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-1040-TWT

**OPINION AND ORDER**

This is a products liability case. It is before the Court on the Defendant Yokohama Tire Corporation's Motion to Dismiss [Doc. 6], which is GRANTED.

**I. Background**

On May 5, 2011, the Plaintiff, Maxine Verdree, purchased four Yoko Geolandar tires from the Defendant NTW, Inc.[1] On November 21, 2013, the Plaintiff noticed that the driver's side rear tire on her vehicle was low.[2] She drove to a gas station to inflate the tire, but the tire blew out as she was putting air into it.[3] The tire

---

[1] Am. Compl. ¶ 3.

[2] Id.

[3] Id.

blow out caused a serious left arm injury to the Plaintiff.[4] On November 12, 2015, the Plaintiff brought this action in the State Court of DeKalb County, Georgia, against Yokohama Rubber Company ("YRC"), the Japanese designer and manufacturer of the tire at issue, as well as Tire Kingdom/National Tire & Battery, the seller of the tire. On February 10, 2016, the Plaintiff filed a motion seeking to drop YRC and Tire Kingdom as the defendants, substituting Yokohama Tire Corporation ("YTC") and NTW, Inc., in their places. The state court granted that motion on February 19, 2016. YTC was served with the Plaintiff's amended complaint on March 1, 2016. On March 30, 2016, YTC, with the consent of NTW, removed this action to this Court. YTC now moves to dismiss.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[5] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[6] In ruling on a motion to dismiss, the court must

---

[4]   Id.

[5]   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[6]   Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[7] Generally, notice pleading is all that is required for a valid complaint.[8] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[9]

### III. Discussion

YTC moves to dismiss this action, arguing that it was not added as a defendant within the applicable statute of limitations. For products liability cases involving injury to the person, the statute of limitations is two years from the date of the injury.[10] This case involves an injury to the Plaintiff's person that occurred on November 21, 2013.[11] YTC was added as a defendant on February 19, 2016, and served with process

---

[7] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[8] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[9] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[10] O.C.G.A. § 9-3-33; Smith, Miller & Patch v. Lorentzson, 254 Ga. 111, 112 (1985).

[11] Am. Compl. ¶¶ 3, 11.

on March 1, 2016. The statute of limitations ran on November 21, 2015, so there is no question that YTC was not sued and served within the statute of limitations period.

The question remains, however, whether the addition of YTC may relate back to the original filing of the lawsuit on November 12, 2015, which was within the statute of limitations. This Court finds that it may not. Georgia law allows relation back when the facts of an amended complaint arise out of the same facts as the original complaint, the new defendant had sufficient notice of the action, and the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."[12] YTC concedes that the facts of the amended complaint arise out of the same facts as the original complaint and that it had notice of the action. It contests, however, that it knew or should have known that but for a mistake, the action would have been brought against it. Georgia law allows strict liability actions, such as this one, against manufacturers of products, but not mere product sellers.[13] The Plaintiff admits that YRC, not YTC, is the designer and manufacturer of the tire in question here.[14] As YRC's United States distributor, YTC is not liable under a theory of strict liability. There is therefore no

---

[12]   O.C.G.A. § 9-11-15(c).

[13]   O.C.G.A. §§ 51-1-11, 51-1-11.1.

[14]   Pl.'s Resp. to Def.'s Mot. to Dismiss, at 3.

evidence that YTC knew or should have known that but for a mistake, it would have been named as a defendant initially. Indeed, it appears that YRC and not YTC is the proper Defendant here. Relation back therefore does not apply. YTC's motion to dismiss should be granted.

## IV. Conclusion

For the reasons stated above, the Defendant Yokohama Tire Corporation's Motion to Dismiss [Doc. 6] is GRANTED. The clerk is directed to dismiss Yokohama Tire Corporation as a defendant.

SO ORDERED, this 20 day of June, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge